DLD-329                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4564
_____

LEROY FEARS,
                                            Appellant

v.

DR. JEFFREY A. BEARD, Ph. D., Secretary of the Pennsylvania Department of
Corrections; MR. LOUIS S. FOLINO; MR. SMITH, (First Name Unknown), Corrections
Officer; MR. GRIM (First Name Unknown), Corrections Officer; MR. VICTOR
SANTOYO, Corrections Officer, each Defendant is sued individually and within his
Official capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-00315)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2013

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 25, 2013)
_____

OPINION
_____

PER CURIAM

Leroy Fears, an inmate proceeding pro se, appeals from the District Court's orders granting the defendants' motions to dismiss and for summary judgment. For the reasons set forth below, we will summarily affirm.

I.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Fears is confined in the Capital Housing Unit at SCI-Greene, due to his sexual assault and murder of a twelve year old boy. The Capital Housing Unit is a Level 5 housing unit. All Level 5 inmates are handcuffed on their way to and from the exercise yard for security and safety reasons. Defendant Smith, one of the yard officers, handcuffed Fears before he returned to his cell. According to Fears, Smith made his right handcuff so tight that he was in excruciating pain. Fears, however, did not tell Smith. He told defendant Grim, a sergeant, that his cuffs were too tight, but did not say that he was in pain. Grim inspected the cuffs and did not observe any injury. Fears was then escorted to his cell by two other officers. He did not mention anything to them about being in pain.

Fifteen minutes after Fears returned to his cell, Grim asked him if he needed medical attention. Fears did not respond, and Grim left the area. Later, Fears started experiencing pain in his right wrist and he was seen by two nurses. The medical report

from that visit stated that he had a superficial scratch on his right wrist, which was treated with antibiotic ointment and a bandage.

Fears then filed a grievance pertaining to the incident. Defendant Santoyo conducted an investigation and concluded that no excessive force was used when Fears was handcuffed. Defendant Folino affirmed the denial of Fears' grievance.

Fears filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, and Eighth Amendments. After most of those claims were dismissed, (Dkt. Nos. 21, 67), the defendants moved for summary judgment on Fears' remaining claims of excessive force and failure to intervene, (Dkt. Nos. 95-97). The District Court granted their motion (Dkt. No. 117) and Fears timely appealed (Dkt. No. 119).

## II.

Jurisdiction is proper under 28 U.S.C. § 1291. We may summarily affirm the District Court's judgment if the appeal presents no substantial question. 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

We turn first to the District Court's dismissal of Fears' claims.[1] We exercise plenary review over an order dismissing claims under Federal Rule of Civil Procedure

---

[1] Fears originally filed his complaint in state court. Because he failed to effectuate proper service, defendants never answered his complaint, and only learned of it after he filed a motion for a default judgment. The case was then removed to federal court, and the Pennsylvania Department of Corrections ("DOC") moved for dismissal due to lack of

3

12(b)(6). Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). "Reviewing such an order, we accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." Id. (citation omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id.; see also Twombly, 550 U.S. at 556 (explaining that a plaintiff must "identify[] facts that are suggestive enough to render [his claim] plausible.") "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

The District Court properly dismissed Fears' Eighth Amendment claim against Grim based on a delay in medical care. Such a claim required a showing that Grim was deliberately indifferent to Fears' serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference can be shown by a prison official "intentionally

---

proper service and because it was not a "person" for purposes of § 1983. For substantially the same reasons given by the District Court, (Dkt. No. 21, pp. 3-4), the claims against the DOC were properly dismissed.

4

denying or delaying access to medical care . . . ." Id. at 104-05. The District Court assumed, for the sake of argument, that Fears was suffering from a serious medical need. (Dkt. No. 67, p. 9.) However, it determined that his factual allegations were insufficient to state a plausible claim as to Grim's deliberate indifference. We agree. Fifteen minutes after Fears returned to his cell, Grim asked him if he needed medical attention, and Fears did not respond. (Dkt. No. 1-2, ¶ 16.) Further, Fears admitted that he was unaware of his injury until after Grim left his cell. (Id. ¶ 18.) Grim could not have known that Fears needed medical attention, let alone have intentionally delayed his access to it.[2]

We agree with the District Court's dismissal of Fears' claims arising under the First and Fourteenth Amendments. Fears alleged that he was denied the right to petition the government for redress of grievances under the First Amendment, and that he was denied due process under the Fourteenth Amendment by the prison grievance procedures. Prisoners do not have a constitutional right to prison grievance procedures. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Nor do they have a liberty interest protected by the due process clause in the grievance procedures. See Antonelli v. Sheehan, 81 F.3d 1422, 1430 (7th Cir. 1996) (state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause). In

---

[2] We also agree that Fears failed to state a plausible claim for relief with respect to his allegations that the administrative grievance process somehow subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights. (Dkt. No. 67, p. 11.)

5

any event, Fears was not deprived of any process here. He admits that he availed himself of the prison grievance procedures. Fears may not agree with the outcome of his grievance, but his complaints were aired and assessed by the appropriate officials.

The District Court also properly dismissed Fears' claims against Folino and Santoyo. Fears alleged that their handling and denial of his administrative grievance violated his First Amendment rights. In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior). Fears' claims against Folino and Santoyo were based solely on their involvement in the administrative grievance process, in which he had no constitutional rights. Therefore, his allegations were insufficient to state a plausible claim for relief.[3] Finally, to the extent Fears attempted to assert his claims as violations of substantive due process, the District Court correctly dismissed them under the "more-specific provision rule" explained in United States v. Lanier, 520 U.S. 259, 272 n.7 (1997). (Dkt. No. 67, pp. 15-16.)

We turn now to the District Court's grant of summary judgment in favor of the defendants. We exercise plenary review and "employ the same standard as applied

---

[3] The claims against Beard were also properly dismissed because Fears did not allege any facts pertaining to him. (Dkt. No. 67, p. 13.)

6

below." DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). That is, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In reviewing the grant of summary judgment, we must affirm if the record evidence submitted by the non-movant is merely colorable or is not significantly probative." DeHart, 390 F.3d at 267-68 (citation and internal quotation marks omitted).

The District Court granted summary judgment in favor of the defendants on Fears' claim that Smith used excessive force against him while handcuffing him in the yard. Specifically, the District Court determined that Fears' allegations, taken as true, only established the de minimis use of force, which is insufficient to state a claim of excessive force under the Eighth Amendment.[4] (Dkt. No. 114, p. 7.) We agree. See Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002) (Eighth Amendment does not protect an inmate against an objectively de minimis use of force). The "pivotal inquiry" in an excessive force claim is "whether force was applied in a good-faith effort to maintain . . . discipline, or maliciously and sadistically to cause harm." Id. p. 649. The record does not reflect that Fears was handcuffed for any reasons other than institutional safety and security.

---

[4] In his argument in support of his appeal, Fears does not point out any specific facts that would create a genuine issue and cause us to find that summary judgment was improvidently granted.

7

We also agree with the District Court that there were no genuine issues of material fact pertaining to Fears' failure to intervene claim against defendant Grim. (Dkt. No. 114, pp. 9-11.) An officer's failure to intervene can be the basis of an Eighth Amendment violation under § 1983 if the officer, upon witnessing another's use of excessive force against a prisoner, "had a reasonable opportunity to intervene and simply refused to do so." Smith, 293 F.3d at 650. However, an officer is only liable "if there is a realistic and reasonable opportunity to intervene." Id. at 651. Given Fears' failure to show that Smith used excessive force when handcuffing him, his failure to intervene claim must fail. Regardless, Grim inspected Fears' cuffs when he complained in the yard and did not observe any injury that would have justified removing them before Fears returned to his cell minutes later.

III.

There being no substantial question presented on appeal, we will summarily affirm. 3d Cir. L.A.R. 27.4; I.O.P. 10.6